SAMUEL M. BARNETT, Appellant, *v.* CHARLES SCRIBNER and ARTHUR H. SCRIBNER, Respondents.

*Order of reference — when properly granted.*

Where it is plain from an examination of the complaint and the answer in an action that it will be necessary to examine accounts before the matters in controversy can be inquired into, an order of reference may properly be made at Circuit, after the examination of the plaintiff as a witness. (BROWN, P. J., dissenting.)

APPEAL by the plaintiff, Samuel M. Barnett, from an order of the Supreme Court, made at the Kings County Circuit and entered in the office of the clerk of the county of Kings on the 7th day of June, 1892, referring the action to a referee to hear and determine the issues.

The complaint in the action alleged :

*Second.* That on or about the 9th day of January, 1883, at the city of New York, the defendants, under the said firm name, entered into a contract with this plaintiff whereby, in consideration of the time, labor and effort of this plaintiff, in selling and offering for sale the publication known as Encyclopedia Britannica, which

was issued and published by the said defendants, that they, the said defendants, would well and truly pay to this plaintiff the same prices as they were paying to all persons who were performing similar work for them in the sale of the said publication, to wit, the just and full sum of sixteen 'dollars for each and every set of said books which should be bound in cloth ; eighteen dollars for each and every set thereof bound in leather, and twenty dollars for each and every set thereof bound in the so-called half binding, which should be thereafter sold by him, said plaintiff, as his compensation for the said time, labor and effort in and about the said business, which said prices and sums should be payable only on the delivery and acceptance of six volumes in each set of the said works so sold by this plaintiff ; and as a part of the said contract and in order to induce this plaintiff to enter upon and remain in the said business, the said defendants further promised and agreed that in case any of the persons giving to the plaintiff orders for said works should refuse to accept the same that then and forthwith thereafter they, the said defendants, would notify the plaintiff thereof and would give to him, said plaintiff, the name and address of the person or persons so refusing, so that this plaintiff might thereafter endeavor to induce the person or persons so refusing to accept the said work, to continue and not to abandon his or their subscription for the same.

*Third.* That the plaintiff entered upon the sale of said work and devoted a large amount of time and expended much labor and effort therein and procured and delivered to the defendants certain orders for said work which were accepted by them.

The answer admitted :

*First.* They admit that they are, and were at the times mentioned in the complaint, co-partners as alleged in the complaint, trading and doing business under the firm name of Charles Scribner's Sons.

*Second.* They admit that the plaintiff was employed by the defendants to canvass for subscriptions and orders for the publication known as the Encyclopedia Britannica, and that defendants agreed to pay him therefor, as commissions and compensation for obtaining such orders, the sum of sixteen dollars for each and every set of said books bound in cloth, eighteen dollars for each and every set of said books bound in leather, and twenty dollars for each and

every set thereof bound in so-called half binding which should be thereafter obtained by him and proven by the delivery of and payment for six or more volumes each, which said prices and sums should be payable on the delivery and acceptance of said six volumes in each set of said publication on orders obtained by plaintiff. And, upon information and belief, denied each and every allegation contained in the paragraph or subdivision of said complaint numbered " Second," not thereinbefore specifically admitted.

*Third.* They, upon information and belief, deny each and every allegation contained in the paragraph or subdivision of said complaint numbered " Third."

*Fourth.* They, upon information and belief, deny each and every allegation contained in the paragraph or subdivision of said complaint numbered " Fourth." But they admit and allege, upon information and belief, that plaintiff obtained subscriptions and orders for said publication, the number and particulars whereof are hereinafter fully set forth.

*Fifth.* They admit that on or about the said 20th day of August, 1884, they agreed with plaintiff that they would pay to him for all orders thereafter taken, an increase of two dollars upon each and every order, and they deny, upon information and belief, each and every allegation of the paragraph or subdivision of said complaint numbered " Fifth," not hereinbefore specifically admitted.

*Sixth.* They deny, upon information and belief, each and every allegation contained in the paragraph or subdivision of said complaint numbered " Sixth." But they admit and allege, upon information and belief, that plaintiff obtained subscriptions and orders for said publication, the number and particulars whereof are hereinafter set forth.

*Seventh.* They deny, upon information and belief, each and every allegation contained in the paragraph or subdivision of said complaint numbered " Seventh."

*Eighth.* They deny, upon information and belief, each and every allegation contained in the paragraph or subdivision of said complaint numbered " Eighth."

*Ninth.* They allege, upon information and belief, that said plaintiff, under the contract hereinbefore specifically admitted and set forth, obtained orders for said publication as follows :

36 copies thereof, bound in cloth, at $16 . . . . . . . . . . . . . . . . $576 00
47 copies thereof, bound in leather, at $18 . . . . . . . . . . . . . . . 846 00
30 copies thereof, bound in half binding, at $20 . . . . . . . . . 600 00

and subsequent to said 20th day of August, 1884, obtained orders for said publication as follows :

19 copies thereof, bound in cloth, at $18 . . . . . . . . . . . . . . $342 00
26 copies thereof, bound in leather, at $20 . . . . . . . . . . . . . 520 00
17 copies thereof, bound in half binding, at $22 . . . . . . . . . 374 00

making in all 175 orders and no more, and which, at the agreed price, amounted to the sum of $3,250. And the defendants, during the time said orders were being obtained by the plaintiff, and the deliveries made thereunder, and from time to time prior to the 1st day of August, A. D. 1886, paid and advanced to said plaintiff on account of said orders and on account of other pretended and bad orders, which said plaintiff claimed and reported that he had obtained, and which he claimed and pretended were good orders, the sum of $3,445, thereby paying said plaintiff the sum of $187 in excess of the amount of defendants' obligation to him under said contract. And they allege, upon information and belief, that plaintiff did not, during the time he was so employed by defendants, nor until more than three years thereafter, and after all said orders had been proved as aforesaid, as plaintiff was informed and well knew, make any claim or demand upon defendants, or request defendants to give him the names and addresses of any parties who had declined to receive said publication, and he never made such request or any like request of defendants, until shortly prior to the commencement of this action, and then only, as defendants verily believe and allege, in aid and anticipation of his said action, and said plaintiff was then offered full and free access to defendants' books and papers, and assistance, if any be needed, to obtain the names and addresses of all said persons.

The defendants, further answering, for a separate answer, and by way of counterclaim herein, repeat and reiterate each and every the preceding allegations and matters in the same manner, and to the same effect, as if the same were herein again written at length, and further allege :

*First.* That by reason of the premises plaintiff became indebted to the defendants in the sum of $187, which said sum was due and payable to defendants on the 1st day of August, A. D. 1886.

*Second.* That no part of the same has been paid.

*George II. Fletcher,* for the appellant.

*Crane & Lockwood,* for the respondents.

PRATT, J. :

This is an appeal from an order of reference made at Circuit during the trial and after the examination of the plaintiff as a witness.

It is plain from an examination of the pleadings that to prove both the complaint and the answer it will be necessary to examine accounts, if all the matters between the parties are to be examined.

I think it plain there is but very little merit in the claim made by the plaintiff. Strictly speaking, it is a claim for damages for failure of the defendants to give the plaintiff a list of the names of subscribers furnished by plaintiff to defendants, who refused to take the volumes in question.

Any damages over six cents for such a claim must necessarily be purely speculative. The plaintiff says by not having the list he lost the opportunity to go to the delinquent subscribers and get them to change their minds and accept the books; but what certainty or proof is vouchsafed that he could effect such change, or what proof can be given upon a trial that one cent of loss can be sustained by failure to secure the list.

The motive or inability of such subscribers which caused them to refuse to receive the books are matters entirely beyond the knowledge of the plaintiff or his power to remedy; the suit, is therefore, purely uncertain and speculative.

The parties, however, seem to regard this suit as one for a balance due the plaintiff for services under a contract, and the claim for damages for not furnishing a list is mere padding. In this view of the case a reference was proper. (*Chambers* v. *Appleton*, 11 Wkly. Dig. 524; 84 N. Y. 649.)

The plaintiff desires to recover the contract price of all the subscriptions he turned in to the defendants, but the contract was that

he was to be paid only for such as accepted six volumes of a set of the work. These are all matters involving the examination of accounts. If upon the trial the plaintiff had been taken at his word, that this was a suit alone for breach of the contract to furnish lists, the complaint ought to have been dismissed for failure to show wherein he was damaged for breach of contract.

The order should be affirmed, with costs and disbursements.

DYKMAN, J., concurred.

BROWN, P. J.:

Upon the pleadings the case is not referable, and the evidence does not make it so. I dissent.

Order affirmed, with costs.